# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-178V
Filed: August 25, 2017

* * * * * * * * * * * * *  
BRITTANY GREEK, *as Parent,*     *     UNPUBLISHED  
*Guardian and Next Friend of CTG, a*     *  
*minor*     *  
    *     Decision on Attorneys' Fees and Costs;  
          Petitioner,     *     Respondent Does Not Object.  
v.     *  
    *  
SECRETARY OF HEALTH     *  
AND HUMAN SERVICES,     *  
    *  
          Respondent.     *  
* * * * * * * * * * * * *

*Erin Juzapavicus, Esq.*, Milam Howard et al., P.A., Jacksonville, FL, for petitioner.
*Adriana Teitel, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

       On February 25, 2015, Brittany Greek ("Ms. Greek" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of her minor child, C.T.G. Petitioner alleges that C.T.G. developed bilateral sensorineural hearing loss as a result of receiving a measles-mumps-rubella ("MMR") vaccination on February 29, 2012. *See* Petition ("Pet."), ECF No. 1. On December 21, 2016, the undersigned issued a Decision awarding compensation to petitioner based on the parties' stipulation. *See* Decision, ECF No. 37.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 24, 2017, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 41. Petitioner requests attorneys' fees in the amount of $17,174.00 and attorneys' costs in the amount of $9,137.35, for a total amount of $26,311.35. Motion for Fees, Ex. A, at 16-17. Petitioner filed supplemental documentation in support of her requested costs on August 8, 2017. ECF No. 42. In accordance with General Order #9, petitioner filed a signed affidavit affirming that petitioner did not incur any out of pocket expenses. ECF No. 42.

On August 10, 2017, respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 43. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3. Petitioner did not file a reply.

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). Based on the reasonableness of petitioner's request, the undersigned GRANTS petitioner's motion for attorneys' fees and costs.[3]

Accordingly, the undersigned **awards the total of $26,311.35**,[4] representing reimbursement for attorneys' fees in the amount of $17,174.00 and costs in the amount of $9,137.35, in the form of a check made payable jointly to petitioner and petitioner's counsel, Erin Juzapavicus, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

> **s/ Mindy Michaels Roth**
> Mindy Michaels Roth
> Special Master

---

[3] I have made no determination as to counsel's hourly rate in this matter; I merely conclude that the total sums requested seem reasonable and appropriate.

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.